Timothy C. Springer, Esq. #207229
**Nancy D. Klepac, Esq. #253896**
LAW OFFICES OF TIMOTHY C. SPRINGER
4905 N. West, Suite 102
Fresno, CA 93705
Telephone: (559) 225-3622
Facsimile: (559) 225-3459
Attorney for Plaintiff/Debtors,

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br>JENNA LONG<br>　　　　Debtors, | Case No: 2019-13871<br>Chapter 7<br>Adv. No: |
| JENNA LONG<br>　　　　Debtor/Plaintiff<br>vs.<br>U.S. DEPARTMENT OF EDUCATION;<br>NELNET<br>　　　　Defendant(s). | |

## COMPLAINT

1) The Plaintiff/Debtor, Jenna Long, (hereinafter "Plaintiff/Debtor"), filed this case under Chapter 7 of the Bankruptcy Code on May 25, 2019.

2) This Court thus has jurisdiction over this action under 28 U.S.C. 1334.

3) This proceeding is a core proceeding.

4) The Plaintiff/Debtor listed NELNET on Schedule F-Creditors Holding Unsecured Nonpriority Claims.

5) NELNET is serviced by and/or guaranteed by the U.S. DEPARTMENT OF EDUCATION

6) U.S. DEPARTMENT OF EDUCATION; NELNET; shall be herein collectively referred to as "Defendants."

**FIRST CAUSE OF ACTION-BREACH OF THE COVANENT OF GOOD FAITH AND FAIR DEALING**

7) Debtor obtained a discharge of her student loans from ECMC.

8) Debtor understood that the US Dept of Education loans would be taken care of as well.

9) The Defendants website shows that the Defendants (discharged, forgave, removed) the indebtedness of the Plaintiff and that she currently owes them $0.00.

10) The Defendants refuse to fix the Debtor's credit

11) The Defendants are keeping the Debtor from her fresh start.

12) Filed herewith as Exhibit A is pictures of the Debtor's credit report

13) Filed herewith as Exhibit B is the Defendant's website printout showing that the Debtor does not owe any money.

14) The Debtor will personally testify that she has attempted to take advantage of any and all programs that would result in the discharge of her student loans.

15) Defendant's characterizations of the Plaintiff, based on their response to a prior adversary proceeding, not doing everything possible is inaccurate.

16) The Defendants have been placing derogatory marks on the Plaintiff's credit despite assurances of deferment and or programs.

17) Given the Plaintiff's situation and the Defendant's own website admission that it previously forgave the loans, but refuses to remove them from Plaintiff's credit. Plaintiff hereby requests that her student loans be discharged.

**SECOND CAUSE OF ACTION-DISCHARGE OF STUDENT LOANS - 11 USC 523(a)(8)**

18) The facts from the prior adversary proceeding are as follows:

a) The Plaintiff/Debtor filed bankruptcy as a single parent taking care of 2 disabled children, one of which is a Central Valley Regional Center Client receiving IHSS because he needs 24 hour care.

b) The Plaintiff/Debtor went to Western Career College; Silicon Valley College; Carrington College; Los Medanos College; and Rogers State University in order to attempt to obtain certificates or degrees that would help her successfully get a job.

c) Unfortunately, the Plaintiff/Debtor was both denied the certificates and unable to complete the programs. The first due to the unlawful actions of the college(s) and the latter due to needing to take care of her special needs child.

d) The Plaintiff/Debtor is seeking to purchase a house someday in the future.

e) At the time the Plaintiff/Debtor took out the loans, the Debtor believed that she would be able to find work and repay the loans.

f) The Plaintiff/Debtor was unable to get a degree because of issues with the school and the needs of her children.

g) The Plaintiff/Debtor is being prevented from getting a fresh start because the student loan lenders keep harming her credit.

h) The Plaintiff/Debtor has attempted various programs with the Department of Education but has only been given the run-around.

i) The Plaintiff/Debtor has remained in contact with her lender since the start of her repayment period, has remained in good standing, and has attempted to enroll in programs which would give her the ability to have her loans forgiven.

j) Despite assurances from Defendants regarding the status of her student loans in deferment or forbearance, Defendants have significantly harmed the Plaintiff/Debtor's credit.

k) After the dismissal of the Plaintiff/Debtor's first adversary proceeding, the Plaintiff/Debtor's credit was diminished 29 points by Defendants' marks taking her out of the range for which she could qualify for a house purchase.

l) The Plaintiff/Debtor has no current or anticipated available income or resources with which to pay the debt and any payments on the debt could be made only at a great hardship.

m) The Plaintiff/Debtor is well below the state median income.

n) The Plaintiff/Debtor is currently on section 8 housing and her income primarily comes from IHSS for taking care of her special needs son.

o) This amount is not going to be sufficient to repay her student loans and still maintain a minimum standard of living.

p) The Plaintiff/Debtor is scared that she will never be able to improve her credit and purchase a house.

q) The worry of repaying this debt and having it haunt the Plaintiff/Debtor for the remainder of her days causes her a lot of stress that is extremely dangerous to her current physical condition.

r) The Plaintiff/Debtor filed bankruptcy to reduce her stress.

s) Completing the Plaintiff/Debtor bankruptcy while still owing these student loans will frustrate her fresh start as they are a majority of her debt.

t) The Plaintiff/Debtor understands that under 11 USC 523(a)(8) educational loans are excepted from discharge, however, the exception where "excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents" applies to the Plaintiff/Debtor.

u) The Plaintiff/Debtor is seeking a fresh start and she hopes this court will allow her to be able to move forward without this debt preventing the Debtor from being able to pay for her basic needs.

v) The Plaintiff/Debtor filed for bankruptcy for reasons other than just to discharge the student loan.

w) The Plaintiff/Debtor has no current or anticipated available income or resources with which to pay the aforementioned loan and any payments on that loan could be made only at great hardship to Plaintiff/Debtor.

x) The Plaintiff/Debtor understands that under 11 USC 523(a)(8) educational loans are excepted from discharge "unless excepting such debt from discharge under this paragraph would impose an undue hardship on the Plaintiff/Debtor and the Plaintiff/Debtor dependents."

y) Whether a Plaintiff/Debtor situation would impose an undue hardship on the Plaintiff/Debtor and the Plaintiff/Debtor dependents is commonly determined by the *Bruner* test.

z) The *Bruner* test requires that 1) a debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for the debtor and the debtor's dependents if forced to repay the student loans; 2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the

student loans; and 3) the debtor has made good faith efforts to repay the loans. (*Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F. 2d 395 (2d Cir. 1987).

aa) Plaintiff/Debtor satisfies the *Bruner* test. Based on the information described above, she cannot maintain a "minimal" standard of living if forced to repay the student loans and the long term needs of her children demonstrates that her financial situation is likely to persist for a significant portion of the repayment period of the student loans.

bb) Using the "non-exhaustive list of factors" articulated in *In re Nys*, 446 F.3d 938, 941 (9th Cir. 2006):

    (1) The Plaintiff/Debtor's children have a serious disability which prevents the Plaintiff/Debtor from seeking employment;

    (2) The Plaintiff/Debtor has attempted to work out a repayment plan with the Defendants and hasn't been given the opportunity.

cc) Without a discharge of the student loans it is unlikely that The Plaintiff/Debtor will ever be able to obtain the relief that is the primary intent of the Bankruptcy Code.

dd) The Defendants have continuously promised the Plaintiff/Debtor that her loans were being taken care of either through a deferment, forbearance, or a program that would have them discharged in 10 years.

ee) For the past 14 years, instead of helping the Plaintiff/Debtor resolve the issues surrounding her student loans, the Defendants have been giving the Plaintiff/Debtor the run around.

ff) Following the Plaintiff/Debtor's discharge, the Defendants again alleged they were working with the Debtor, yet caused her credit to be decreased by 29 points frustrating her fresh start and frustrating the purpose of the bankruptcy code.

Page 6
COMPLAINT TO DETERMINE THE DISCHARGABILITY OF PLAINTIFF'S STUDENT LOANS

WHEREFORE, The Plaintiff/Debtor prays for:

1. An Order declaring the student loan debts of the Plaintiff/Debtor held by U.S. DEPARTMENT OF EDUCATION and NELNET; to be dischargeable in her bankruptcy case.

2. Any other relief deemed appropriate by this Court.

Dated: March 2, 2022

*[signature]*

Nancy D. Klepac
Attorney for Plaintiff/Debtor